IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATASHA KHODAK<br>1416 Nancy Drive<br>Southampton, PA 18966<br><br>        Plaintiff,<br><br>v.<br><br>KVK OPCO, INC.<br>d/b/a KVK TECH, INC.<br>110 Terry Drive, Suite 200<br>Newtown, PA 18940<br>     and<br>KVK TECH, INC.<br>110 Terry Drive, Suite 200<br>Newtown, PA 18940<br><br>        Defendants. | CIVIL ACTION<br><br>No.:<br><br>**JURY TRIAL DEMAND** |

## CIVIL ACTION COMPLAINT

Plaintiff, Natasha Khodak (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated this action to redress violations by Defendants, KVK OPCO, Inc. d/b/a KVK Tech, Inc. and KVK Tech, Inc., of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), violations of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 USC §§2000e *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. Section 951, *et. seq*).[1] Plaintiff was discriminated against, subjected to a hostile work

---

[1] Plaintiff will move to amend the instant Complaint to include violations of the PHRA after full administrative exhaustion before the Pennsylvania Human Relations Commission. Such claims will identically mirror Plaintiff's federal claims asserted herein under the ADEA and Title VII.

environment and was unlawfully terminated by Defendants because of her advanced age and/or her gender, causing her to suffer extensive harm.

## II. Jurisdiction and Venue

2.      This Court may properly maintain jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co v. State of Washington*, 326 U.S. 310 (1945) and its progeny.

3.      This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4.      Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this District because Defendants resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. Parties

5.      The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

6.      Plaintiff is an adult individual who resides at the above-captioned address.

7.      Defendant KVK OPCO, Inc., is a developer, producer and/or distributor of pharmaceuticals whose headquarters is located at the above-captioned address.

8. Defendant KVK Tech, Inc. is a developer, producer and/or distributor of pharmaceuticals whose headquarters is located at the above-captioned address.

9. Defendant Entities are both identified as being headquartered at the same address listed in the caption of this Complaint and have the same President, Secretary and Treasurer according to the Secretary of State.

10. While Plaintiff's paystubs indicate that KVK OPCO, Inc. was her employer, she received various documents, including but not limited to her application and other various correspondence, which indicated KVK Tech, Inc. was also her employer.

11. Based on the foregoing and upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.[2]

12. At all times relevant herein, Defendants acted through by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV. Factual Background

13. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

14. Plaintiff is a fifty-one (51) year old female.

15. Plaintiff worked for Defendants for approximately fifteen (15) months before her involuntary termination on or about November 3, 2015 (discussed *infra*).

---

[2] Defendants KVK-Tech, Inc. and KVK OPCO, Inc. d/b/a KVK Tech, Inc., *hereinafter* shall be collectively referred to as "Defendants" unless otherwise indicated.

3

16. On or about August 4, 2014, Plaintiff was hired by Defendant as a sales support manager to provide support to the Director of Sales and Marketing, Lori Pinkleton (*hereinafter* referred to as "Ms. Pinkleton").

17. Although Ms. Pinkleton as the Director of Sales and Marketing was operating out of the Michigan location, Plaintiff primarily performed her duties at the Defendants' Newtown, PA headquarters (the Defendants' above captioned address) under the indirect supervision of Murty Vepuri (Consultant), and the direct supervision of Joseph Lefebvre (Vice President of Business Development, Marketing & API Sourcing).

18. Throughout her fifteen (15) month employment with Defendants, Plaintiff was a dedicated and hard-working employee who did not exhibit any significant disciplinary concerns. In fact, in or about December of 2014, Plaintiff received a positive review on her last performance evaluation.

19. In or about June of 2015 (approximately five (5) months before her termination), Defendants' management, including but not limited to Mr. Vepuri, hired an individual by the name of Conrad (last name unknown), a male in his thirties (30s), as an employee in the Plaintiff's department.

20. Within a few days after Conrad was hired, Mr. Vepuri requested that Plaintiff train him to perform some of her job duties, including but not limited to generating reports, sending reports to Ms. Pinkleton, maintaining files for Ms. Pinkleton, and other essential duties of Plaintiff's position.

21. When Plaintiff questioned Mr. Vepuri about training Conrad, a younger male employee, to perform her essential work duties (discussed *supra*), Mr. Vepuri told Plaintiff that

4

the company was expanding and that just in case something were to happen to Plaintiff, the newly hired employee(s) could "fill-in" for her.

22. Plaintiff complied with Defendants' management's aforementioned request to train Conrad with her essential duties based on the fear that if she refused, she would be terminated.

23. Approximately one (1) month before Plaintiff's termination (in or about October 2015), Michael (last known unknown), another male in his thirties (30s), was hired by Defendants' management, including but not limited to Mr. Vepuri, to work in Plaintiff's department.

24. Again, Defendants' management, including but not limited to Mr. Vepuri, requested Plaintiff to train Michael, the aforementioned newly-hired younger, male employee, to perform Plaintiff's essential duties, including but limited to, generating reports, sending reports to Ms. Pinkleton, maintaining files for Ms. Pinkleton, and other tasks that directly assisted Ms. Pinkleton.

25. Once Plaintiff began training the two aforementioned younger, male employees, Conrad and Michael (discussed *supra*), Defendants' management, including but not limited to Mr. Vepuri, began assigning Plaintiff's job duties to these newly-hired younger, male employees, despite the fact that Plaintiff had significantly more experience.

26. In addition, Plaintiff also witnessed during her employment that Defendants' management, including but not limited to Mr. Vepuri, openly treated employees who were more advanced in age (including herself) in a derogatory, demeaning and condescending manner, including but not limited to, scrutinizing their work performance more closely than their younger counterparts and reallocating duties from older employees to younger employees.

27. In addition to Defendants' discriminatory actions towards Plaintiff and other similarly situated employees due to their advanced ages (discussed *supra*), Plaintiff was also subjected to discriminatory actions based on her gender.

28. Defendants' management, including but not limited to Mr. Vepuri, openly treated female employees (including Plaintiff) in a discriminatory and disparate manner (as compared to their male counterparts), including but not limited to, taking away assignments and job duties from female employees and giving them to male employees who were similarly-situated and/or less experienced, hiring male applicants over female applicants who were equally-qualified and/or more qualified, and other preferential treatment towards male employees within the workplace.

29. On or about November 3, 2015, without any prior warning, Plaintiff was notified by Defendant's management and/or HR Department that she was being terminated because her position was being eliminated. Later that same day, Ms. Pinkleton contacted and expressed to Plaintiff that she had advised Defendants' management that she did not agree with their decision to terminate her [Plaintiff's] employment.

30. Furthermore, when Plaintiff was terminated from her position, both aforementioned younger, male co-workers, Conrad and Michael remained employed, despite the fact that Plaintiff was more senior and more qualified.

31. Therefore, Plaintiff believes and avers that Defendants' management, including but limited to Mr. Vepuri, discriminated against her and terminated her because of her advance age based on *inter alia* (1) the reallocation of her essential job duties to younger, less experienced employees; (2) the proximity of when her essential duties were reallocated to younger employees in relation to her termination (i.e. less than one (1) month); and (3) to the fact

6

that younger, less experienced employees, remained employed performing Plaintiff's job duties after her position was allegedly eliminated.

32. Further, Plaintiff avers that Defendants' management, including but limited to Mr. Vepuri, discriminated against her and ultimately terminated her because of her gender based on *inter alia* (1) the reallocation of her essential duties to less experienced male employees; (2) the proximity of when her essential duties were reallocated to male employees in relation to her termination (i.e. less than one (1) month); and (3) the fact that less experienced male employees remained employed performing Plaintiff's job duties after her position was allegedly eliminated.

**Count I**
**Violations of the Age Discrimination in Employment Act ("ADEA")**
(Age Discrimination: Wrongful Termination and Hostile Work Environment)
-Against Both Defendants-

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. While employed by Defendants, Defendants' management, including but not limited to Mr. Vepuri, subjected Plaintiff to a hostile work environment because of her advanced age, through demeaning, disparate, and discriminatory treatment.

35. The aforementioned treatment that Plaintiff was subjected to by Defendants' management, including but not limited to Mr. Vepuri, was consistent and pervasive during the months leading to her involuntary termination, to the point that it was affecting Plaintiff's ability to do her job (as her tasks were being taken away and assigned to younger, less experienced employees).

36. Despite Plaintiff being a dedicated and loyal employee that performed her job well, Defendants assigned Plaintiff's essential duties to younger co-workers whom were less senior and had significantly less experience.

7

37. Plaintiff was ultimately terminated and told that it was due to her job being eliminated; however, younger and less experienced employees were retained and remained employed by Defendants.

38. Therefore, Plaintiff believes and avers that her age was a determinative factor in the decision to strip her of her job duties and ultimately terminate her.

39. These actions as aforesaid constitute unlawful retaliation under the ADEA.

## COUNT II
### Violations of Title VII of the Civil Rights Act ("Title VII")
(Gender Discrimination: Wrongful Termination & Hostile Work Environment)
-Against Both Defendants-

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. While employment with Defendants, Plaintiff was subjected to hostility and animosity because of her gender by Defendants' management, including but not limited to, having her job duties taken away and assigned to less experienced male co-workers, being treated in a rude and condescending manner (as compared to her male co-workers) and ultimately being terminated for an alleged job elimination while her male co-workers (who were less experienced) remained employed performing her job duties.

42. The aforementioned treatment that Plaintiff was subjected to by Defendants' management, including but not limited to Mr. Vepuri, was consistent and pervasive during the months leading to her involuntary termination, to the point that it was affecting Plaintiff's ability to do her job (as her tasks were being taken away and assigned to less experienced, male employees).

43. Plaintiff believes and avers that she was subjected to a hostile work environment, stripped of her essential job duties, and ultimately terminated because of her gender.

8

44. These actions as aforesaid constitute unlawful discrimination under Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/interference at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for its willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.    Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esquire
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: August 31, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Natasha Khodak | : | CIVIL ACTION |
| v. | : | |
| KVK OPCO, Inc. d/b/a KVK Tech, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

_____  _____  Plaintiff
**Date**  **Attorney-at-law**  **Attorney for**

(215) 639-0801  (215) 639-4970  akarpf@karpf-law.com

**Telephone**  **FAX Number**  **E-Mail Address**

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1416 Nancy Drive, Southampton, PA 18966

Address of Defendant: 110 Terry Drive, Suite 200, Newtown, PA 18940

Place of Accident, Incident or Transaction: Defendants place of business
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____  _____  ARK2484
Attorney-at-Law    Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____  _____  ARK2484
Attorney-at-Law    Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KHODAK, NATASHA

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
KVK OPCO, INC. D/B/A KVK TECH, INC,

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Age Discrimination in Employment Act "ADEA" (29USC621), Title VII of the Civil Rights Act of 1964 "Title VII" (42USC2000)
Brief description of cause:
Violations of the ADEA, Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

[ Print ]  [ Save As... ]  [ Reset ]